UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

JAMES D. EARLEY,

    Petitioner,

v.                                  Case No. 5:06-cv-162-Oc-10GRJ

SECRETARY, DEPT. OF
CORRECTIONS, et al.,

    Respondents.

## ORDER OF DISMISSAL

Petitioner, *pro se*, initiated this case by filing a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (Doc. 1). Respondents filed a Response to the Petition seeking dismissal of the action with prejudice pursuant to the one-year statute of limitations for § 2254 petitions set forth in 28 U.S.C. § 2244, as amended by the Antiterrorism and Effective Death Penalty Act of 1996. (Doc. 8). The Petition, the Response to the Petition and the record submitted with the Response, and the other pleadings demonstrate that an evidentiary hearing is not warranted in this case, and the Court may resolve the Petition on the basis of the record. See Habeas Rule 8(a).

### Convictions and Sentences

Petitioner challenges his 2001 conviction of capital sexual battery. On November 29, 2001, the Citrus County state court sentenced Petitioner to a life

imprisonment with a minimum mandatory of twenty-five years. The Fifth District Court of Appeal *per curiam* affirmed in an order dated February 11, 2003.[1] On April 2, 2003, Petitioner filed a Notice to Invoke Discretionary Jurisdiction in the Florida Supreme Court.[2] The Florida Supreme Court dismissed the notice for lack of jurisdiction in an order dated April 17, 2003.

Petitioner filed a Motion for Post-Conviction Relief pursuant to Fla. R. Crim. P. 3.850, executed on August 26, 2004.[3] The state trial court denied relief and in an order dated January 31, 2006 the Fifth District Court of Appeal *per curiam* affirmed.[4] See Earley v. State, 922 So. 2d 1006 (Fla. 5th DCA 2006). On May 4, 2006, Petitioner executed the instant habeas petition. (Doc.1).

## Timeliness of Petition

On April 24, 1996, the President signed into law the Antiterrorism and Effective Death Penalty Act (AEDPA) of 1996. This law amended 28 U.S.C. § 2244 by adding a new subsection that sets forth filing deadlines for an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court.[5] Therefore, absent any state court post-conviction proceeding that would

---

[1] Doc. 9, App. A.

[2] Doc. 9, App. B.

[3] Doc. 9, App. C.

[4] Doc. 9, App. D.

[5] 28 U.S.C. §2244(d).

2

have tolled the federal limitation period,[6] a petitioner who's conviction and sentence became final after the effective date of AEPDA has one-year from the date the conviction and sentence became final to file a federal habeas petition.

In this case, Petitioner's conviction became final on May 12, 2003. Accordingly, Petitioner had until May 12, 2004 to file his federal habeas petition, absent collateral state court activity. 28 U.S.C. §2244(d)(2) provides "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation."

Petitioner did not properly file a post-conviction motion until August 26, 2004. Thus, at the filing of his post-conviction motion, the one-year AEPDA period had already passed. Therefore, the Petition is untimely and is due to be dismissed as time-barred.

In his reply, Petitioner concedes the untimeliness of his Petition, but opposes dismissal apparently arguing that he is entitled to equitable tolling of the limitations period. (Doc. 10). Equitable tolling is appropriate when "extraordinary circumstances have worked to prevent an otherwise diligent petitioner from timely filing his petition."[7] Petitioner bears the burden of showing what "extraordinary circumstances. . . both beyond his control and unavoidable even with diligence"

---

[6] 28 U.S.C. § 2244(d)(2).

[7] Diaz v. Sec'y for Dept. of Corr., 362 F.3d 698, 700 (11th Cir. 2004) (*quoting* Helton v. Sec'y for Dept. of Corr., 259 F.3d 1310, 1312 (11th Cir. 2001) (internal quotations omitted).

3

justify such relief.[8] To the extent Petitioner maintains he is entitled to equitable tolling, the Court is unpersuaded that the Petitioner is entitled to this extraordinary relief.[9]

## Conclusion

For the reasons set forth in this Order, the Petition is **DISMISSED**. The Clerk is directed to enter judgment dismissing the Petition with prejudice, terminate any pending motions, and close the file.

**IT IS SO ORDERED.**

**DONE AND ORDERED** at Ocala, Florida, this 27th day of August 2009.

UNITED STATES DISTRICT JUDGE

c:  James D. Earley
    Counsel of Record

---

[8] Drew v Dep't of Corr., 297 F.3d 1278, 1286 (11th Cir. 2002).

[9] See Steed v. Head, 219 F. 3d 1298, 1300 (11th Cir. 2000).

4